Aldo A. Flores (SBN 224239)
*aldo@vnovolaw.com*
FLORES LAW, APLC
4141 Inland Empire Blvd., Suite 290
Ontario, CA 91764
Telephone: (909) 222-6716
Facsimile:  (213) 477-2008

Attorney for Plaintiff,
CAIDEN GLENN RUGGIO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAIDEN GLENN RUGGIO, an individual,<br><br>*Plaintiff,*<br><br>vs.<br><br>COUNTY OF RIVERSIDE, a municipal entity, DEPUTY RONALD A. WATERS, an individual DEPUTY KANTAR #6035, an individual, and DEPUTY MASAKAYAN #5507, an individual, and DOES 1-10, inclusive,<br><br>*Defendants.* | CASE NO.:  5:25-CV-01860<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **UNREASONABLE SEARCH AND SEIZURE- EXCESSIVE FORCE (42 U.S.C. § 1983)**<br>2. **DUE PROCESS- FABRICATION OF EVIDENCE (42 U.S.C. § 1983)**<br>3. **DUE PROCESS- DELIBERATE OR RECKLESS SUPPRESSION OF EVIDENCE/CONSPIRACY TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1983)**<br>4. **MONELL LIABILITY— RATIFICATION (42 U.S.C. § 1983)**<br>5. **BATTERY/ASSAULT**<br>6. **NEGLIGENCE**<br>7. **VIOLATION OF THE BANE ACT (CAL. CIV. § 52. 1)**<br>8. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>9. **MALICIOUS PROSECUTION**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

## **COMPLAINT FOR DAMAGES**

COME NOW plaintiff CAIDEN GLENN RUGGIO, an individual ("Plaintiff") who alleges as follows:

## **INTRODUCTION**

1.     This civil rights action seeks general, special, compensatory and punitive (only against the individual defendants) damages from Defendants COUNTY OF RIVERSIDE ("COUNTY"), DEPUTY RONALD A. WATERS, an individual ("DEPUTY WATERS"), DEPUTY KANTAR #6035 ("DEPUTY KANTAR"), an individual, DEPUTY MASAKAYAN #5507, an individual, and DOE DEPUTIES 1-10 ("DOE DEPUTIES"), inclusive, ("DEFENDANTS," collectively) for violating various rights under the United States Constitution and state law in connection with the unreasonable use of force against Plaintiff as described herein.

2.     Defendants proximately caused Plaintiff's injuries by unreasonably choking and beating Plaintiff, by integrally participating or failing to intervene in the use of force, by fabricating and supporting evidence to support the unreasonable use of force, avoid prosecution of Defendants, and initiate prosecution of Plaintiff, and by engaging in other acts and/ or omissions around the time of the beating that resulted in Plaintiff's serious, ongoing mental, physical, and emotional damages, pain and suffering in an amount to be determined at trial. Defendants are directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983.

3.     Defendant COUNTY also proximately caused Plaintiff's injuries and are liable under state and federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff is informed, believes, and thereon alleges that a final policy maker within Defendant COUNTY ratified, that is, knew of and specifically made a deliberate choice to approve of the Defendant deputies' herein alleged unlawful conduct and the basis for it.

*///*

**JURISDICTION AND VENUE**

4.      Venue and jurisdiction are proper in this Court because the parties reside in and all incidents, events, and occurrences giving rise to this action occurred in this district, specifically City of Norco, County of Riverside, California.

5.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3)-(4) because this civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to do business and/or reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

7.      At all relevant times herein, CAIDEN GLENN RUGGIO, ("RUGGIO") is an individual residing in the City of Eastvale, California.

8.      At all times mentioned herein and material hereto, DEPUTY RONALD A. WATERS, ("DEPUTY WATERS"), an individual, was engaged in law enforcement as a police officer, deputy sergeant, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant COUNTY OF RIVERSIDE, duly employed as police officer or sheriff's deputy by the COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT, who was acting in the course and scope of his employment all times relevant to the acts and omissions herein alleged.

9.      At all times mentioned herein and material hereto, Defendant DEPUTY KANTAR #6035, an individual, ("DEPUTY KANTAR"), an individual, was engaged in law enforcement as a police officer, deputy sergeant, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant COUNTY OF RIVERSIDE, duly employed as police officer or sheriff's deputy by the COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT, who was acting in

the course and scope of his employment all times relevant to the acts and omissions herein alleged.

10.    At all times mentioned herein and material hereto, Defendant DEPUTY MASAKAYAN #5507, an individual, ("DEPUTY MASAKAYAN"), an individual, was engaged in law enforcement as a police officer, deputy sergeant, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant COUNTY OF RIVERSIDE, duly employed as police officer or sheriff's deputy by the COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT, who was acting in the course and scope of his employment all times relevant to the acts and omissions herein alleged.

11.    At all relevant times herein, Defendant COUNTY OF RIVERSIDE (hereinafter "COUNTY") was an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY had possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT, and its tactics, methods, practices, customs and usage.

12.    At all relevant times, COUNTY OF RIVERSIDE was the employer of Defendants DOE DEPUTIES 1-10 who were COUNTY OF RIVERSIDE deputies, police officers, managerial, supervisorial, and policymaking employees of COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT.

13.    At all times mentioned herein and material hereto, Defendant DOE DEPUTIES 1-10, individuals, ("DOE DEPUTIES") were engaged in law enforcement as a police officer, deputy sergeant, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant COUNTY, duly employed as police officer or sheriff's deputy by the COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT, who were acting in the course and scope of their employment all times relevant to the acts and omissions herein alleged.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

14.     Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said DOE Defendants' true names and capacities when that information becomes known to them. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

15.     Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

16.     On information and belief, at all relevant times, Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and Defendant DOE DEPUTIES 1-10 were residents of the COUNTY OF RIVERSIDE, California.

17.     At all relevant times, Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and Defendant DOE DEPUTIES were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as Sheriff's deputies and within the complete authority and ratification of their principal, Defendant COUNTY.

18.     At all relevant times, Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and Defendant DOE DEPUTIES were duly appointed deputies/officers and/or employees or agents of Defendant COUNTY,

subject to oversight and supervision by Defendant COUNTY's elected and non-elected officials.

19. In doing the acts and failing and omitting to act as hereinafter described, Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and Defendant DOE DEPUTIES were acting on the implied and actual permission and consent of Defendant COUNTY.

20. At all times mentioned herein, each and every COUNTY Defendant was the agent of each and every other COUNTY Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

21. At all relevant times, Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and Defendant DOE DEPUTIES were working for Defendant COUNTY as sheriff's deputies.

22. Plaintiff filed comprehensive and timely Claim for Damages ("Claim") with Defendant COUNTY OF RIVERSIDE pursuant to applicable sections in the California Government Code and California Civil Code.

23. Plaintiff's claims with Defendant COUNTY were rejected.

24. Accordingly, Plaintiff has timely complied with all relevant and applicable statutes of limitations and claims filing requirements to assert causes of action against the herein Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

25. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26. On July 25, 2024, Plaintiff RUGGIO was attending a rodeo with two friends at the George Ingalls Equestrian Center located at 3737 Crestview Dr. Norco, CA 92860.

///

27.     At approximately 11:45 p.m., RUGGIO was standing and talking with his two friends by their trucks about modifying their trucks, when Defendant DEPUTY RONALD A. WATERS ("DEPUTY WATERS") and a female companion walked by RUGGIO and his friends towards a horse trailer.

28.     Entirely unprovoked, DEPUTY WATERS turned and aggressively yelled, "What are you looking at?" toward RUGGIO and his friends.

29.     RUGGIO and his friends were perplexed and chose not to respond to DEPUTY WATERS because they were not talking to, about, or looking at DEPUTY WATERS and had never met DEPUTY WATERS before.

30.     When RUGGIO and his friends did not respond, DEPUTY WATERS started aggressively walking towards them yelling, "We told you motherfuckers to stop talking shit!"

31.     RUGGIO's friends responded to DEPUTY WATERS stating, "We don't even know what you are talking about! You must have the wrong guys." At no time did RUGGIO threaten DEPUTY WATERS.

32.     DEPUTY WATERS then proceeded to attack and assault RUGGIO's friend, Steven, by shoving him into the truck and then grabbing, punching, grappling, and choking Steven.

33.     DEPUTY WATERS and his associates then began attacking RUGGIO in a five on one. RUGGIO was knocked to the ground and was punched and kicked by DEPUTY WATERS and his associates. RUGGIO's friends attempted to help RUGGIO get up and escape melee.

34.     DEPUTY WATERS then grabbed a third-party minor by the neck and began grappling, punching, kicking, and choking the third-party minor, while repeatedly saying, "I'll fucking kill you!" During the assault, random bystanders told DEPUTY WATERS that the third-party minor was only seventeen (17) years old, to which DEPUTY WATERS responded, "I don't care."

///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

35.    During the melee, bystanders begin yelling "RSO" ("Riverside Sheriff's Office") are on the way, to which DEPUTY WATERS responded, "We are RSO!" indicating that DEPUTY WATERS was invoking his authority as a County of Riverside Sheriff's deputy and, thus, acting under color of law before, during, and after the incident to justify and avoid any repercussions for his actions during the incident.

36.    Once County of Riverside Sheriff's deputies arrived, including Defendant deputies DEPUTY KANTAR #6035 and DEPUTY MASAKAYAN #5507. DEPUTY WATERS was seen standing and laughing with fellow deputies laughing about the incident, not arrested or handcuffed, and was released at the scene. Upon information and belief, DEPUTY WATERS invoked his employment as a County of Riverside Sheriff's deputy before, during, and after the incident to authorize his outrageous behavior, uses of excessive force, and to avoid any arrest or criminal prosecution stemming from the incident.

37.    Despite starting the incident, DEPUTY WATERS fabricated and suppressed evidence of the incident so as to attempt to bring criminal charges against RUGGIO and his friends.

38.    Further, upon information and belief, DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and other members of the COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT tampered with witnesses, conspired, and attempted to fabricate or suppress evidence by preventing or interfering with RUGGIO and his friends from enforcing their rights in court by contacting parents, his involved friends, and/or his involved friends' parents to convince them not to file suit for fear of retaliation.

39.    As a result of DEFENDANTS' aforementioned misconduct, Plaintiff claims and is entitled to damages for past, current and ongoing economic and noneconomic damages including, but not limited to, medical expenses, severe emotional distress, mental, physical, and emotional pain and suffering/damages,

anguish, and pain in a sum to be determined at trial.

## FIRST CAUSE OF ACTION

### UNREASONABLE SEARCH AND SEIZURE - EXCESSIVE FORCE

### (42 U.S.C. § 1983)

### (PLAINTIFF RUGGIO against DEFENDANT DEPUTY RONALD A. WATERS)

40.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41.    When Defendant DEPUTY WATERS grabbed, choked, assaulted, took down, punched, kicked, and/or threatened to kill RUGGIO without probable cause, he violated RUGGIO's right to be secure in his person against unreasonable searches and seizures as guaranteed to RUGGIO under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.    The choking, wrestling, and beating was excessive and unreasonable, especially because RUGGIO had committed no crime and posed no immediate threat of death or serious bodily injury to any Defendant at the time of the incident. Reasonable alternatives existed to using this high level of force.

43.    As a result, RUGGIO suffered and continues to suffer serious physical, mental, and emotional pain and suffering.

44.    Defendant DEPUTY WATER's use of force violated his training.

45.    As a result of their misconduct, Defendants are liable for RUGGIO's injuries, either because they were integral participants in the excessive use of force, or because they failed to intervene to prevent these violations.

46.    The conduct of DEPUTY WATERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of RUGGIO and therefore warrants the imposition of exemplary and punitive damages as to the individual

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Defendants. It is unequivocal that DEPUTY WATERS started the fight, beat up, choked, and threatened to kill RUGGIO and a third-party minor, and used his position as a Riverside Sheriff's deputy to justify his actions and avoid any consequences associated therewith.

47.    Plaintiff seeks to recover the reasonable costs of suit and attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

**DUE PROCESS - FABRICATION OF EVIDENCE (42 U.S.C. § 1983) (PLAINTIFF RUGGIO against DEPUTY RONALD A WATERS, DEPUTY KANTAR #6035, DEPUTY MASAKAYAN #5507, and DOES 1-10, Inclusive)**

48.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49.    When Defendant DEPUTY WATERS grabbed, choked, assaulted, took down, punched, kicked, and/or threatened to kill RUGGIO, he violated RUGGIO's right to be secure in his person against unreasonable searches and seizures as guaranteed to RUGGIO under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

50.    To be clear, DEPUTY WATERS started the fight, beat up, choked, and threatened to kill RUGGIO and a third-party minor, and used his position as a Riverside Sheriff's deputy to justify his actions and avoid any consequences associated therewith.

51.    Furthermore, DEPUTY WATERS and, upon information and belief, Defendants DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOES 1-10 conspired, falsified, and deliberately fabricated evidence, including their reports, to falsely justify DEPUTY WATERS actions, obstruct any disciplinary action against DEPUTY WATERS, falsely accuse Plaintiff RUGGIO and his friends of

committing crimes during the incident in an effort to get them criminally prosecuted in violation of Plaintiff's Fourteenth Amendment due process rights.

52.    As a result of Defendants' conduct, RUGGIO suffered and continues to suffer serious physical, mental, and emotional pain and suffering.

53.    The conduct of DEPUTY WATERS, DEPUTY KANTAR, AND DEPUTY MASAKAYAN, and DOES 1 through 10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of RUGGIO and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants. To be clear, DEPUTY WATERS started the fight, beat up, choked, and threatened to kill a RUGGIO and a third party minor, and used his position as a Riverside Sheriff's deputy to justify his actions and avoid any consequences associated therewith with, upon information and belief, DEPUTY KANTAR, AND DEPUTY MASAKAYAN and DOES 1 through 10's help.

54.    Plaintiff seeks to recover the reasonable costs of suit and attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION

**DUE PROCESS - DELIBERATE OR RECKLESS SUPPRESSION OF EVIDENCE/CONSPIRACY TO VIOLATE CIVIL RIGHTS**

**(42 U.S.C. § 1983)**

**(PLAINTIFF RUGGIO against DEPUTY RONALD A. WATERS, DEPUTY KANTAR #6035, DEPUTY MASAKAYAN #5507, and**

**DOES 1-10, Inclusive)**

55.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.    When Defendant DEPUTY WATERS grabbed, choked, assaulted, took down, punched, kicked, and/or threatened to kill RUGGIO and a third-party minor, he violated RUGGIO's right to be secure in his person against unreasonable

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

searches and seizures as guaranteed to RUGGIO under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

57.    It is unequivocal that DEPUTY WATERS started the fight, beat up, choked, and threatened to kill RUGGIO and a third-party minor, and used his position as a Riverside Sheriff's deputy to justify his actions and avoid any consequences associated therewith.

58.    Furthermore, DEPUTY WATERS and, upon information and belief, Defendant DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOES 1-10 conspired to suppress and did suppress evidence to falsely justify DEPUTY WATERS actions by falsely accusing Plaintiff RUGGIO and his friends of committing crimes during the incident in an effort to get them criminally prosecuted in violation of Plaintiff's Fourteenth Amendment due process rights, and speaking to Plaintiff RUGGIO, his friends, and/or Plaintiff RUGGIO's or his friends' parents in order to attempt to convince them and others not to pursue justice for violation of their civil rights during the incident.

59.    Defendants acted and are acting with deliberate indifference to RUGGIO's rights or for the truth in suppressing the evidence.

60.    Defendants' deliberate suppression and fabrication of evidence is resulting and is intended to result in Plaintiff RUGGIO's false and malicious prosecution and to prevent any professional repercussions against DEPUTY WATERS.

61.    As a result of Defendants' conduct, RUGGIO suffered and continues to suffer serious physical, mental, and emotional pain and suffering.

62.    The conduct of DEPUTY WATERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of RUGGIO and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants. To be clear, DEPUTY WATERS started the fight, beat up, choked, and

threatened to kill RUGGIO and a third-party minor, and used his position as a Riverside Sheriff's deputy to justify his actions and avoid any consequences associated therewith.

63.    Plaintiff seeks to recover the reasonable costs of suit and attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

### MONELL LIABILITY—RATIFICATION (42 U.S.C. § 1983)

### (PLAINTIFF RUGGIO against DEFENDANT COUNTY)

64.    Plaintiff repeats and re-allege each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65.    On information and belief, Defendant DEPUTY WATERS' unjustified beating, kicking and choking of RUGGIO was found to be within COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT policy or has otherwise gone without any repercussion.

66.    On information and belief, Defendant Waters' unjustified beating and choking of RUGGIO was ratified by COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT supervisorial officers, and has not been the first time where DEPUTY WATERS engaged in egregious and violent misconduct and then utilized his position as a deputy sheriff to avoid arrest, investigation, or consequences.

67.    On information and belief, Defendants were not disciplined or re-trained for their herein complained of misconduct.

68.    On information and belief, a final policy maker within Defendant COUNTY ratified, that is, knew of and specifically made a deliberate choice to approve of the Defendants' herein alleged unlawful conduct and the basis for it.

69.    Moreover, on information and belief, this is not Defendants' first complaint or lawsuit alleging excessive force, dishonesty, fabrication, and racial bias. Following these previous incidents, Defendant COUNTY failed to terminate

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

DEPUTY WATERS, DEPUTY KANTAR #6035, DEPUTY MASAKAYAN #5507, and DOES 1-10, adequately investigate, discipline or retrain Defendants, or otherwise protect the public from Defendants' propensities to engage in the herein complained of misconduct. As a result of these actions and omissions, Plaintiff was injured and sustained mental, physical and emotional injuries.

70.    Upon information and belief, Defendant COUNTY, together with various other policy making officials, whether named or unnamed, had either actual or constructive knowledge of the Defendants' misconduct and propensities to engage in the misconduct alleged in the paragraphs above, but continue ratify Defendants' misconduct, which leads to more incidents like this one that may one day turn deadly. Despite having knowledge as stated above, Defendant COUNTY condoned, tolerated and through actions and inactions thereby ratified such misconduct and acted with deliberate indifference to the foreseeable effects and consequences of Defendants' actions with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

71.    Upon information and belief, Defendants' knowledge that Defendant COUNTY would ratify their misconduct was affirmatively linked to and were a significantly influential force behind Defendants' actions and Plaintiffs' injuries.

72.    Accordingly, Defendants and each of them are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

73.    Plaintiff also seek attorney fees under 42 U.S.C. § 1988 for this claim.

## FIFTH CAUSE OF ACTION

### BATTERY/ASSAULT

### (PLAINTIFF RUGGIO against DEPUTY RONALD A. WATERS
### and DOES 1-10, Inclusive)

74.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1-73 of this Complaint, and by reference incorporates the same herein and makes each a part hereof.

75.    At the aforementioned date, time and place, Defendant DEPUTY WATERS and DOE Defendants 1-10, and each of them, assaulted and battered RUGGIO and used unreasonable force against RUGGIO.

76.    RUGGIO did not consent to Defendants' wrongful, harmful, and offensive touching and neither was Defendants' touching privileged.

77.    By reason of the acts aforesaid, RUGGIO was placed in great fear for his safety and physical and emotional wellbeing and harmed as a result of Defendants' conduct.

78.    COUNTY is vicariously liable for the wrongful acts of Deputy Waters and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

79.    The aforementioned acts of Defendant DEPUTY WATERS and DOE Defendants 1-10, and each of them, were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of exemplary and punitive damages against Defendant DEPUTY WATERS and DOE Defendants 1-10 only in a sum according to proof.

80.    Plaintiff RUGGIO is seeking general, special, compensatory, and punitive damages under this claim, including but not limited to past and future economic and noneconomic damages. Plaintiff RUGGIO seeks reasonably attorneys' fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

///

///

///

///

///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## SIXTH CAUSE OF ACTION

**NEGLIGENCE/NEGLIGENT ENTRUSTMENT, HIRING, SUPERVISION, AND/OR RETENTION**

**(Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)**

**(PLAINTIFF RUGGIO against DEPUTY RONALD A. WATERS, DEPUTY KANTAR #6035, DEPUTY MASAKAYAN #5507, COUNTY OF RIVERSIDE, and DOES 1-10, Inclusive)**

81.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1-80 of this Complaint, and by this reference incorporates the same herein and makes each a part hereof.

82.     On information and belief and sometime prior to this incident, Defendant COUNTY knew, or in the exercise of due care, should have known, that Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10, and each of them, had a propensity, character trait, and practice, while purporting to act under color of law, for violence and dishonesty.

83.     At all times mentioned herein, Defendant COUNTY knew, or in the exercise of due care, should have known that the afore described traits of character, practices and propensities of Defendants, and each of them, made them unfit to serve as peace officers and would cause harm and injury to members of the public, including persons in the custody of said Defendants.

84.     At all times mentioned herein, Defendants had a duty under the law to not use excessive force under the United States Constitution, all State and Federal laws.

85.     Notwithstanding such knowledge, Defendant COUNTY negligently, carelessly and recklessly, employed, retained and failed to properly supervise, train, discipline, and control Defendants, and each of them, inclusive, as peace officers and assigned said Defendants to duties which enabled each of them to make illegal arrests, fabricate probable cause and crimes, and use excessive force while

16

purporting to act under the color of law or to get away with the same whether on or off duty by virtue of their employment with COUNTY as described herein.

86.    As a proximate result of the negligence and carelessness of Defendants, and each of them, Plaintiff RUGGIO suffered mental anguish, physical pain and suffering, emotional distress and financial losses, all to the Plaintiff's damage in a sum according to proof.

87.    Further, Defendant COUNTY is vicariously responsible for the actions, inactions and damages caused by Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 under *respondeat superior* including, but not limited to under California Govt. Code § 815.2, 820, and 825.

88.    Sheriff's Deputies, including Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10, have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, and not using any force unless necessary, using the least amount of force necessary, not to start fights, not to fabricate or suppress evidence, not to use chokeholds, etc. These duties also include providing proper training and equipment to officers so that they may perform their duties in accordance with the department policies, properly investigate use of force incidents, and punish, re-train, terminate, and/or prosecute violators of those policies and the law.

89.    The Defendants breached their duty of care to RUGGIO and every citizen by engaging in the conduct alleged herein. Upon information and belief, the actions and inactions of Defendants were negligent and reckless, including but not limited to:

    (a)    The failure to properly and adequately assess the need to use force against RUGGIO;

(b)     The negligent scope and manner of the seizure and use of force, against RUGGIO;

(c)     The failure to properly train and supervise employees, both professional and non-professional, including Defendants;

(d)     The negligent hiring, supervision, training, and/or retention of Defendants, who, upon information and belief, had prior instances and complaints of excessive force, negligent tactics, and/or dishonesty.

(e)     The failure to punish, re-train, terminate, and/or prosecute violators of Department policies, tactics, and training including Defendants.

90.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff RUGGIO was caused to suffer severe past and future mental and physical pain and suffering. Plaintiff RUGGIO was also caused to suffer substantial harm including but not limited to past and future pain and suffering. In other words, the Defendants' negligence was a substantial factor in causing Plaintiff RUGGIO's harm.

91.     At all relevant times, Plaintiff RUGGIO was not an immediate threat of death or serious bodily injury to anyone, including Defendants, no warning was given that serious force was going to be used prior to its use, and reasonable alternatives were available to Defendants.

92.     Furthermore, Plaintiff RUGGIO's harm would not have happened unless Defendants were negligent.

93.     The harm caused by Defendants was caused by something that only the Defendants controlled. The Defendants had control over their conduct and the tactical decisions made during the interaction.

94.     Upon information and belief, Plaintiff RUGGIO did not in any way cause or contribute to the events that harmed him.

95.     Defendants' violation of the law as stated was a substantial factor in bringing about Plaintiff RUGGIO's harm.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

96.    Defendant COUNTY is vicariously liable for the wrongful acts of Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 of the California Government Code, which provides that a public entity is vicariously liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability. Plaintiff also seeks attorneys' fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE BANE ACT**

**(CAL. CIV. § 52. 1)**

**(PLAINTIFF RUGGIO against DEPUTY RONALD A. WATERS, DEPUTY KANTAR #6035, DEPUTY MASAKAYAN #5507, and DOES 1-10, Inclusive)**

97.    Plaintiff refers to and re-allege each and every allegation contained in paragraphs 1 through 96 of this Complaint, and by this reference incorporates the same herein and makes each part hereof.

98.    On or about the above stated dates, and sometime prior thereto, Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 and each of them violated Plaintiff RUGGIO's civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California through the aforementioned conduct, thereby providing a civil cause of action against them under California Civil Code Section 52.1.

99.    Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10, while working as officers or deputies for the COUNTY, and acting within the course and scope of their official duties, interfered with or specifically intended and attempted to interfere with the rights of RUGGIO to be free from unreasonable searches and seizures and unreasonable

excessive force by threatening or committing acts involving violence, coercion or intimidation.

100.   Indeed, even after knowing or having reason to know that Plaintiff committed no crime, Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 doubled down on the aforementioned acts involving violence, coercion or intimidation by continuing to use violence against RUGGIO, fabricating and suppressing evidence to initiate false criminal proceedings and being deliberately indifferent to the medical needs caused by Defendants' conduct.

101.   On information and belief, Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 seized, searched, arrested, used force against and/or injured RUGGIO from exercising his rights or to retaliate against RUGGIO for having exercised his rights.

102.   As a proximate result of the aforementioned acts of Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10, and each of them, RUGGIO has suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, statutory damages, treble, and/or attorneys' fees and costs provided by Civil Code section 52.1(h).

103.   The aforementioned acts of Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10, and each of them, were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of exemplary and punitive damages against Defendants DEPUTY WATERS, DEFENDANT DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 only in a sum according to proof.

104.   Defendant COUNTY is vicariously liable for the wrongful acts of Defendants pursuant to section 815.2 of the California Government Code, which

provides that a public entity is vicariously liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

105.    Plaintiff RUGGIO also seeks attorneys' fees and costs of suit provided by Civil Code section 52.1.

## EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(PLAINTIFF RUGGIO against DEPUTY WATERS, DEPUTY KANTAR #6035, DEPUTY MASAKAYAN #5507, and DOE Defendants 1-10)**

106.    Plaintiff hereby restates and incorporates by reference paragraphs 1 through 105 of this Complaint as though set forth in full herein.

107.    The above acts and omissions of Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 were done with knowledge that RUGGIO was particularly susceptible to mental and emotional distress and physical injury by virtue of Plaintiff's age.

108.    Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 were officers who were acting in the course and scope of their employment and on behalf of Defendant COUNTY with all requisite authority conferred upon them by Defendant COUNTY.

109.    Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 knew or had reason to know that their aforementioned unprivileged acts and omissions would cause RUGGIO severe and ongoing mental and emotional distress. The above-mentioned acts were committed by Defendants DEPUTY WATERS, DEFENDANT DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 were extreme and outrageous with willful intention and/or reckless disregard that RUGGIO or the probability that RUGGIO would suffer severe emotional and mental distress as a result knowing that RUGGIO was present when the conduct occurred.

110.   By virtue of Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10's positions and employment, Defendant COUNTY knew of or reasonably should have known of, authorized, adopted, approved and/or ratified Defendants' wrongful, unlawful and unconstitutional conduct before, during and/or after it occurred.   Plaintiff is informed and believes and thereon alleges that the aforementioned acts and omissions of Defendants DEPUTY WATERS, DEFENDANT DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 was willful, malicious, intentional, oppressive, knowingly false and were done in willful and conscious disregard of RUGGIO's rights thereby justifying the award of punitive damages against Defendants DEPUTY WATERS, DEFENDANT DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 and each of them.

111. Defendants DEPUTY WATERS, DEFENDANT DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 knew or should have known that severe emotional distress would result from their conduct; or Defendants gave little or no thought to the probable effects of their conduct.

112.   As peace officers, Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 abused a position of authority or a relationship that gave Defendants real or apparent power to affect RUGGIO's interests.

113.   As a direct and proximate result of the Defendants' actions, RUGGIO sustained severe mental and emotional distress, thereby justifying an award of compensatory, special and punitive damages against Defendants DEPUTY WATERS, DEFENDANT DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 in an amount to be proven at trial.

114.   Defendants' aforementioned conduct was a substantial factor in causing RUGGIO's severe emotional distress.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## NINTH CAUSE OF ACTION

### MALICIOUS PROSECUTION

### (PLAINTIFF RUGGIO against DEPUTY WATERS, DEPUTY KANTAR #6035, DEPUTY MASAKAYAN #5507, and DOE Defendants 1-10)

115.    Plaintiff hereby restates and incorporates by reference paragraphs 1 through 114 of this Complaint as though set forth in full herein.

116.    Upon information and belief, through the aforementioned misconduct and fabrication of evidence, Defendants DEPUTY WATERS, DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 were involved in causing criminal proceedings to be initiated against Plaintiff RUGGIO and for Plaintiff RUGGIO to be maliciously and false prosecuted for alleged crimes stemming from the incident.

117.    Upon information and belief, the criminal proceedings ended or will end in Plaintiff's favor.

118.    No reasonable person in Defendants DEPUTY WATERS, DEFENDANT DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10's circumstances would have believed that there were grounds for causing Plaintiff RUGGIO to be arrested and/or prosecuted.

119.    Upon information and belief, Defendants DEPUTY WATERS, DEFENDANT DEPUTY KANTAR, DEPUTY MASAKAYAN, and DOE Defendants 1-10 acted primarily for a purpose other than to bring Plaintiff RUGGIO to justice.

120.    Plaintiff was harmed as a result of Defendants' herein action. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in their favor and against Defendants, inclusive, as follows and/or a jury trial:

A.    For compensatory and special damages in an amount to be proven at

trial;

B.    For punitive damages against the individual defendants only in an amount to be proven at trial;

C.    For statutory damages;

D.    For interest;

E.    For reasonable attorneys' fees, including litigation expenses;

F.    For costs of suit; and

G.    For such further other relief as the Court may deem just, proper, and appropriate.

Dated: July 22, 2025                    FLORES LAW, APLC


By: _____
ALDO A. FLORES
Attorneys for Plaintiff
CAIDEN GLENN RUGGIO




## __DEMAND FOR JURY TRIAL__

Plaintiff hereby demands a trial by jury.

Dated: July 22, 2025                    FLORES LAW, APLC


By: _____
ALDO A. FLORES
Attorneys for Plaintiff
CAIDEN GLENN RUGGIO

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL